UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Amanda Jean McCarley, | Case No. 2:24-cv-01809-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| Next First Insurance Agency, Inc.; and Sandrine Ntanyosha; et al., | |
| Defendants. | |

Before the Court is *pro se* Plaintiff Amanda Jean McCarley's application to proceed without paying the filing fee (also known as an application to proceed *in forma pauperis*) (ECF No. 1) and complaint (ECF No. 1-1), filed on September 25, 2024. However, under Federal Rule of Evidence 201, the Court *sua sponte* takes judicial notice of the fact that McCarley has filed a Chapter 7 bankruptcy on November 12, 2024, in the United States Bankruptcy Court for the District of Nevada under case number 24-15946-abl.[1] Given the notice of bankruptcy and the fact that McCarley's causes of action may now belong to the bankruptcy estate, the Court will deny Plaintiff's application to proceed *in forma pauperis* without prejudice.

A court may take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the trial court's territorial jurisdiction," or it is capable of accurate and ready determination by resort to sources whose "accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Such facts include taking judicial notice of court records and filings as matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir.

---

[1] The Court was alerted to McCarley's bankruptcy proceedings by the notice of bankruptcy she filed in 2:24-cv-001761 at ECF No. 20. That notice was subsequently stricken because it was filed into a closed action. It is unclear why McCarley did not file that notice in this action.

2018) (matters of public record, such as publicly available court records, are subject to judicial notice).

      The filing of a bankruptcy petition creates an estate in bankruptcy. *See* 11 U.S.C. § 541(a); *In re Raintree Healthcare Corp.*, 431 F.3d 685, 688 (9th Cir. 2005). A bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case," including causes of action. 11 U.S.C. § 541(a)(1); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707-709 (9th Cir. 1986). Prepetition causes of action—including those involving torts, breach of contract, and bad faith—are typically assets included within the meaning of property of the estate. *See In re Bolton*, 584 B.R. 44, 50 (Bankr. D. Idaho 2018) (discussing prepetition tort actions); *In re Hettick*, 413 B.R. 733, 753 (Bankr. D. Mont. 2009) (discussing prepetition breach of contract and bad faith causes of action). After filing a petition for Chapter 7 bankruptcy protection, a debtor "may not prosecute a cause of action belonging to the bankruptcy estate" because the bankruptcy trustee is the "real party in interest" with respect to such claims. *Cobb v. Aurora Loan Services, LLC*, 408 B.R. 351, 354 (Bankr. E.D. Cal. 2009); *see* Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest."). In order to circumvent this proscription, a debtor must either show that his or her claims are exempt from the bankruptcy estate or were abandoned by the bankruptcy trustee. *Rowland v. Novus Financial Corp.*, 949 F.Supp. 1447, 1453-54 (D. Haw. 1996).

      Here, it appears that the incidents giving rise to McCarley's lawsuit occurred before she filed her petition for Chapter 7 bankruptcy protection. So, McCarley's tort, breach of contract, and bad faith causes of action appear to be part of the bankruptcy estate. As a result, the bankruptcy trustee may be the real party in interest with respect to these claims. But McCarley has not filed anything into this case demonstrating that she has disclosed her causes of action to the bankruptcy trustee. And she has not filed anything that would demonstrate that her causes of action are exempt from the bankruptcy estate or abandoned by the bankruptcy trustee. Because it is not clear that McCarley is the real party of interest in this case, the Court will deny her application to proceed *in forma pauperis* without prejudice. Because the Court denies

McCarley's application to proceed *in forma pauperis*, it does not screen her complaint at this time.

**IT IS THEREFORE ORDERED** that McCarley's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that McCarley will have until **February 20, 2025,** to do one of the following:

- If her causes of action are exempt from the bankruptcy estate or the bankruptcy trustee has abandoned them: (1) file a renewed application to proceed *in forma pauperis* or pay the filing fee; and (2) file a declaration by the bankruptcy trustee that McCarley has disclosed her causes of action to the trustee and the causes of action are exempt and/or the bankruptcy trustee has abandoned them.

OR

- If her causes of action are not exempt from the bankruptcy estate or the bankruptcy trustee has not abandoned them: (1) file a renewed application to proceed *in forma pauperis* or pay the filing fee; and (2) file a motion to substitute the bankruptcy trustee into this case; and (3) file a declaration by the bankruptcy trustee that McCarley has disclosed her causes of action to the trustee and the causes of action are not exempt and/or the bankruptcy trustee has not abandoned them.

**IT IS FURTHER ORDERED** that failure to timely comply with this order may result in the recommended dismissal of this action. If McCarley needs additional time to complete the above, she may file a motion to extend the deadline.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send McCarley a copy of this order.

DATED: December 31, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE