UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Amanda Jean McCarley,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Next First Insurance Agency, et al.,<br><br>　　　　　Defendants. | Case No. 2:24-cv-01809-JAD-DJA<br><br>**Order Adopting<br>Report and Recommendation**<br><br>ECF Nos. 9, 17 |

On 9/24/25, the magistrate judge entered this report and recommendation [ECF No. 17]:

On December 31, 2024, the Court denied Plaintiff's application to proceed *in forma pauperis* (meaning, without paying the filing fee) and ordered her to provide certain information regarding her bankruptcy. (ECF No. 6). The Court gave Plaintiff until February 20, 2025, to do the following:

- If her causes of action are exempt from the bankruptcy estate or the bankruptcy trustee has abandoned them: (1) file a renewed application to proceed *in forma pauperis* or pay the filing fee; and (2) file a declaration by the bankruptcy trustee that McCarley has disclosed her causes of action to the trustee and the causes of action are exempt and/or the bankruptcy trustee has abandoned them.

OR

- If her causes of action are not exempt from the bankruptcy estate or the bankruptcy trustee has not abandoned them: (1) file a renewed application to proceed *in forma pauperis* or pay the filing fee; and (2) file a motion to substitute the bankruptcy trustee into this case; and (3) file a declaration by the bankruptcy trustee that McCarley has disclosed her causes of action to the trustee and the causes of action are not exempt and/or the bankruptcy trustee has not abandoned them.

(ECF No. 6 at 3).

Plaintiff later moved to extend that deadline, which motion the Court granted, requiring Plaintiff to comply on or before March 24, 2025. (ECF No. 8). Plaintiff missed that deadline.

On August 18, 2025, the Court entered an order to show cause, noting that Plaintiff had neither provided the Court-ordered information regarding her bankruptcy, nor filed a renewed application to proceed *in forma pauperis*, or paid the filing fee. (ECF No. 16). The Court therefore ordered Plaintiff to show cause why the Court should not recommend dismissal of her case for her failure to comply with the Court's order. It gave her until September 17, 2025, to comply. The Court warned Plaintiff that "[f]ailure to [timely comply with the order] will result in the recommended dismissal of Plaintiff's case without prejudice. *See* Fed. R. Civ. P. 41(b)." Plaintiff has also missed that deadline and, to date, has not filed anything further on the docket. So, the Court recommends dismissal of this case without prejudice. A dismissal without prejudice allows Plaintiff to refile a case with the Court, under a new case number.

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In considering whether to dismiss an action under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

Here, because Plaintiff has not complied with the Court's order or taken any action in this case since March 20, 2025, the Court recommends dismissal of Plaintiff's case without prejudice. *See* Fed. R. Civ. P. 41(b); *see* LR[1] IA 11-8(e) (providing that the Court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on a party who fails to comply with any order); *see Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("an opportunity to be heard does not require an oral or evidentiary hearing on the issue…[t]he opportunity to brief the issue fully satisfies due process requirements"). The first factor weighs in favor of dismissal because the public has an interest in expeditious resolution of litigation and Plaintiff's failure to further participate in this lawsuit impedes this goal. The

---

[1] This refers to the Local Rules of Practice for the United States District Court, District of Nevada, which can be found on the Court's website at https://www.nvd.uscourts.gov/court-information/rules-and-orders/.

second factor weighs in favor of dismissal because the Court's need to manage its docket is thwarted by Plaintiff's failure to prosecute this action and to comply with this Court's order. The third factor weighs in favor of dismissal because the longer this case is carried on, the more difficult it will be for Defendants to defend against it because witnesses' memories will fade and evidence may be lost. The fourth factor weighs in favor of Plaintiff, but does not outweigh the other factors. Fifth, lesser sanctions are not available if Plaintiff will not comply with Court orders. So, the Court recommends dismissing this case without prejudice.

## RECOMMENDATION

**IT IS RECOMMENDED** that this case be **dismissed without prejudice.**

## ORDER

The deadline for any party to object to this recommendation was 10/8/2025, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 17] is ADOPTED** in its entirety, and **THIS CASE IS DISMISSED without prejudice** for the reasons stated in the report and recommendation, and the defendants' motion to dismiss **[ECF No. 9] is DENIED** as moot. The Clerk of Court is directed to **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: October 9, 2025